# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **FRIENDS CHRISTIAN HIGH SCHOOL**<br>18615 Yorba Linda Boulevard<br>Yorba Linda, CA 92886,<br><br>          Plaintiff,<br><br>vs.<br><br>**GENEVA FINANCIAL CONSULTANTS, LLC**<br>10800 Main Street<br>Suite 201<br>Fairfax, VA 22030,<br><br>*Serve Resident Agent*:<br>Isam Ghosh<br>22047 Chelsy Paige Square<br>Ashburn, VA 20148<br><br>&<br><br>**ISAM GHOSH**<br>22047 Chelsy Paige Square<br>Ashburn, VA 20148,<br><br>&<br><br>**MARK LEZELL**<br>1615 L. Street, NW<br>Suite 1350<br>Washington, DC 20036,<br><br>          Defendants. | Civil Action Number: 1:13-CV-01436<br><br><br><br><br><br><br><br>**ORIGINAL COMPLAINT AND PRAYER FOR JURY TRIAL** |

Comes now the Plaintiff, Friends Christian High School ("FCHS"), a California

Religious Corporation, by and through its attorneys, Skeen and Kauffman, LLP, and for its

complaint against the Defendants, Geneva Financial Consultants, LLC ("GFC"), Isam Ghosh ("Ghosh"), and Mark Lezell ("Lezell") and assert the following:

## I. SUMMARY

This case arises out of a contract between GFC and FCHS by which GFC would facilitate the funding of a ten year thirty million dollar construction loan to FCHS. By the terms of the contract, GFC intended to accomplish this funding by seeking out, facilitating, and coordinating outside funding support. To induce FCHS's agreement, GFC, which was operated by Ghosh, enlisted the help of Lezell as escrow agent. Ghosh and GFC, as part of the contract, required FCHS to deposit into Lezell's escrow account $250,000.00. If no funding sources were developed by October 31, 2010, the escrow amount, less reasonable expenses not to exceed $50,000.00, was to be returned to FCHS. No funds have been returned to FCHS in violation of the financing agreement and escrow agreement, although duly requested on multiple occasions.

## II. JURISDICTION AND VENUE

1. This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332(a)(1) as the amount in controversy exceeds $75,000.00 and the parties are citizens of different states.

2. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b)(2 & 3) as a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated in this District and, without application of this section, there is no district in which an action may otherwise be brought therefore any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to this action is the proper venue.

### III. PARTIES

3. Friends Christian High School is a California Religious Corporation duly registered and authorized to conduct business in the State of California and engages in the business of religious instruction through various mediums, including educational institutions like a high school.

4. Geneva Financial Consultants, LLC, is a Delaware limited liability company transacting business in the Commonwealth of Virginia and the District of Columbia.

5. Isam Ghosh advertised himself as a managing member of Geneva Financial Consultants, LLC, and appears to be a resident of the Commonwealth of Virginia.

6. Mark Lezell, at the time of the contracts in this case, was a practicing attorney subject to the Washington, D.C. bar, was a resident of the District of Columbia, and maintained businesses (Lezell Law P.C. and Trident Partners LLC) in the District of Columbia.

### IV. FACTS COMMON TO ALL COUNTS

7. In 2010, a real estate agent, Luis Escoto, for Century 21 in Southern California introduced FCHS to Ghosh in an effort to assist FCHS with financing their construction project.

8. During negotiations with Ghosh, FCHS was introduced to Mark Lezell, a Washington, D.C. attorney advertising himself as domestic and international attorney assisting businesses in obtaining funding for a variety of projects.

9. On September 14, 2010, FCHS entered into a financing commitment agreement with Geneva and Ghosh by which Geneva and Ghosh would secure construction loan funding of $30 million.

10. In exchange, Geneva and Ghosh were to receive $3 million in fees reduced by an initial escrow deposit of $250,000.

11. Although discussing several time frames, the loan appeared to be a ten year loan with a twenty year amortization schedule.  Initial payments were to be interest only payments.

12. Gerald Barnes, Chairman of the Board of Directors signed on behalf of FCHS and Ghosh signed on behalf of himself and Geneva.

13. Exhibit A of that finance agreement was the escrow agreement signed by Mr. Barnes and Lezell.

14. The $250,000 in escrow was to be returned to FCHS if financing could not be obtained by October 31, 2010.

15. No financing was obtained either before or after October 31, 2010, and it is unclear where the funds currently are located.

16. Pursuant to the escrow agreement, FCHS wired $250,000 into Lezell's escrow account on September 16, 2010.

17. On January 11, 2011, Lezell received a suspension on an interim basis from the Washington, D.C. bar for failure to respond to bar counsel regarding allegations of serious misconduct and as of the date of this complaint remains suspended by the bar.

18. On January 26, 2011, FCHS attempted to make contact with Ghosh regarding the current state of funding for the project as no money had been forthcoming to that point including loan and donation commitments made by Ghosh.

19. On February 1, 2011, FCHS made initial requests for the return of the escrow funds as no construction financing had been obtained by October 2010.

20. On September 8, 2011, FCHS made a request for return of the escrow funds to Lezell.

21. On or about March 21, 2012, Ghosh acknowledged liability for the escrow funds and acknowledged that the escrow funds were to be returned to FCHS.

22. On August 3, 2012, a final request for payment was sent to Lazell and Ghosh with no response.

V. **COUNTS**

### **COUNT 1 - BREACH OF CONTRACT (ALL DEFENDANTS)**

23. Plaintiff hereby incorporates the allegations in paragraphs 1 – 22 as if fully set forth herein.

24. On September 14, 2010, FCHS entered into a loan commitment agreement with Ghosh, dba Geneva by which Ghosh would obtain construction loan financing in the amount of $30 million in exchange for a $3 million fee.

25. FCHS further agreed to fund the costs of the loan up to $50,000.00.

26. FCHS further agreed to deposit into an escrow account $250,000.00.

27. Ghosh and Geneva agreed to use all their available contacts to fund the loan at $30 million.

28. In the event no funding could be obtained by October 31, 2010, the escrowed funds were to be returned.

29. Lezell signed the escrow agreement, incorporated by reference into the commitment agreement, and it was guaranteed by Ghosh and Geneva.

30. The loan commitments were not obtained prior to or after October 31, 2010, and neither Lezell, Ghosh, nor Geneva have returned the funds or provided any accounting of the funds.

## COUNT II – CIVIL CONSPIRACY (ALL DEFENDANTS)

31. Plaintiff hereby incorporates the allegations in paragraphs 1 – 30 as if fully set forth herein.

32. Ghosh, Geneva, and Lezell formed an agreement between and among themselves to withhold the escrowed funds and provide false and misleading information regarding their ability to obtain construction financing for FCHS' project.

33. Ghosh, Geneva, and Lezell further agreed, in violation of any agreements of the parties, to use escrowed funds for impermissible purposes and to withdraw those funds prior to those funds being earned.

34. Ghosh, Geneva, and Lezell mislead FCHS as to their ability to obtain financing, mislead FCHS regarding their relative qualifications/background, took possession of escrow funds in advance of those funds being earned by Ghosh, Geneva, and Lezell, and have materially withheld information related to the location and status of those funds.

35. At all times Ghosh, Geneva, and Lezell acted in furtherance of the common scheme or plan to defraud FCHS of the escrow funds.

## COUNT III – BREACH OF FIDUCIARY DUTY (ALL DEFENDANTS)

36. Plaintiff hereby incorporates the allegations in paragraphs 1 – 35 as if fully set forth herein.

37. Ghosh, Geneva, and Lezell, by virtue of their agreements with FCHS and acceptance of funds into escrow, created a fiduciary duty and relationship with FCHS.

38. The acts of Ghosh, Geneva, and Lezell in distributing escrow funds to themselves and not acting to further the interests of FCHS was a breach of that fiduciary duty.

39. As a result of that breach, FCHS has lost the value and use of those escrowed funds that Ghosh, Geneva, and Lezell have presumably withdrawn and spent.

## COUNT IV – NEGLIGENCE (ALL DEFENDANTS)

40. Plaintiff hereby incorporates the allegations in paragraphs 1 – 39 as if fully set forth herein.

41. Ghosh and Geneva owed a duty to FCHS based on the representations and assurances made by both regarding their ability to obtain construction financing and their ability to safeguard the escrowed funds.

42. Lezell, as a licensed professional, owed a duty to FCHS to handle and safeguard escrowed funds of FCHS in a professional and reasonable manner.

43. Ghosh, Geneva, and Lezell breached their respective duties by allowing the escrow funds to be utilized for purposes other than intended by FCHS and the outward intent indicated by Ghosh, Geneva, and Lezell.

## COUNT V – FRAUD/INTENTIONAL MISREPRESENTATION (ALL DEFENDANTS)

44. Plaintiff hereby incorporates the allegations in paragraphs 1 – 43 as if fully set forth herein.

45. Ghosh and Geneva falsely represented to FCHS, including but not limited to, their ability to obtain construction financing, their purpose in entering into an agreement with FCHS, the integrity of Lezell, the background of Lezell, their connections to funding sources, their commitment to donate funds to the project, and the safety of escrowed funds.

46. Lezell falsely represented to FCHS, including but not limited to, his ability to act as escrow agent, his background in the community, his connections in the community, and his intentions with regard to the escrow funds.

47. The security of the escrow funds, the ability of Ghosh, Geneva, and Lezell to obtain financing, their relative connections in the financing world, their experience in obtaining financing of this size and magnitude, and the professed safety of escrowed funds were all material facts at issue in this agreement.

48. In each instance, Ghosh, Geneva, and Lezell made this false statements with full knowledge of their false nature and were made with the intent to deceive FCHS and create an air of reliability and safety for the escrowed funds.

49. FCHS took action in reliance on these statements in engaging Ghosh, Geneva, and Lezell and depositing escrowed funds with Lezell.

**VI. PRAYER FOR RELIEF AND DAMAGES**

WHEREFORE, as to all counts, Plaintiff prays for judgment jointly and severally against Defendants in this case in the amount of $250,000.00 (Two Hundred and Fifty Thousand Dollars) as compensatory damages, $1,000,000.00 (One Million Dollars) as punitive damages, attorney fees, and costs. Plaintiffs pray that this action be tried to a jury consistent the applicable rules and statutes.

Respectfully submitted this 20th day of September, 2013

/s/ James D. Skeen
James D. Skeen (DC State Bar Id. No. 388724)
SKEEN & KAUFFMAN, LLP
911 North Charles Street
Baltimore, MD 21201
(410) 625-2272
jskeen@skaufflaw.com

Attorney for Plaintiff