# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **FRIENDS CHRISTIAN HIGH SCHOOL,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Civil Action No. 13-1436 (ESH) |
| ) | |
| **GENEVA FINANCIAL CONSULTANTS,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Friends Christian High School ("FCHS") brings this diversity[1] action against Geneva Financial Consultants, LLC ("Geneva"), Isam Ghosh, and Mark Lezell, seeking compensatory and punitive damages for breach of contract, civil conspiracy, breach of fiduciary duty, negligence and fraud/intentional misrepresentation. (*See* Compl., Sept. 20, 2013 [ECF No. 1].) Lezell has filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).[2] (Def. Mark Lezell's Mot. to Dismiss the Pl.'s Compl., Feb. 14, 2014 [ECF No. 14].) For the reasons stated herein, Lezell's motion to dismiss is granted in part and denied in part.

## BACKGROUND

The facts as alleged in the complaint are as follows. On September 14, 2010, FCHS entered into a contract with Geneva and Ghosh, Geneva's managing member, pursuant to which

---

[1] The Court has diversity jurisdiction over this matter as the parties are residents of different states and the amount in controversy is over $75,000. *See* 28 U.S.C. § 1332.

[2] Plaintiff served Geneva on February 18, 2014, and Ghosh on March 6, 2014, making Geneva's answer due on March 11, 2104, and Ghosh's answer due on March 27, 2014. (*See* Aff. of Service of Process – Geneva Financial Consultants, LLC, Feb. 21, 2014 [ECF No. 15]; Supp. Aff. of Service of Process – Isam Ghosh, Mar. 14, 2014 [ECF No. 20].) To date, neither Geneva nor Ghosh has filed an answer or otherwise responded to the complaint.

Geneva was to obtain funding for a thirty million dollar construction loan in exchange for three million dollars in fees, reduced by an initial escrow deposit of $250,000 ("Financing Agreement"). (¶¶ 9, 10, 24.) FCHS simultaneously entered into an escrow agreement with Lezell ("Escrow Agreement"), pursuant to which FCHS deposited $250,000 in an escrow account, with Lezell as the escrow agent. (¶¶ 10, 13, 16, 29.) The Escrow Agreement provided that the $250,000 was to be returned to FCHS if financing was not obtained by October 31, 2010. (¶¶ 14, 28.) At that time, Lezell was a practicing attorney in the District of Columbia, who advertised himself as "assisting businesses in obtaining funding for a variety of projects."[3] (¶¶ 6, 8.)

Geneva failed to obtain funding by October 31, 2010. (¶¶ 19, 30.) On February 1, 2011, FCHS made an initial request for the return of the escrow funds. (¶ 19.) On September 8, 2011, FCHS made another request for return of the funds. (¶ 20.) On March 21, 2012, Ghosh "acknowledged liability for the escrow funds and acknowledged that the escrow funds were to be returned to [FCHS]." (¶ 21.) On August 3, 2012, FCHS sent a final request for payment to Lezell and Ghosh. (¶ 22.) To date, no money has been returned to FCHS nor has any accounting been provided. (¶ 30.)

According to FCHS, defendants induced it to enter into the Financing Agreement and the Escrow Agreement by misrepresenting Geneva's ability to obtain construction financing and misleading FCHS about their backgrounds and qualifications. (¶¶ 32, 34, 41, 45, 46, 48.) FCHS further alleges that defendants had an agreement or plan to defraud FCHS of the escrow

---

[3] According to the complaint, the District of Columbia bar suspended Lezell on an interim basis on January 11, 2011, and he remained suspended as of the date the complaint was filed. (¶ 17.)

funds (¶ 35) and ultimately did withdraw the escrow funds and distribute them to themselves. (¶¶ 34, 39.)

Based on these allegations, FCHS asserts claims against all of the defendants for breach of contract, civil conspiracy, breach of fiduciary duty, negligence, and fraud/intentional misrepresentation. (*See* Compl. ¶¶ 23-49.) It seeks $250,000 in compensatory damages and $1,000,000 in punitive damages. (Compl., Prayer for Relief.) Only Lezell responded to the complaint, and it is to his motion to dismiss that the Court now turns

## ANALYSIS

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Lezell moves to dismiss all of the claims against him for failure to state a claim upon which relief can be granted.

## I. LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. A court must "accept as true all of the factual allegations contained in the complaint and draw all inferences in favor of the nonmoving party." *Autor v. Pritzker*, 740 F.3d 176, 179 (D.C. Cir. 2014).

## II. BREACH OF CONTRACT CLAIM

To state a claim for breach of contract in the District of Columbia, a complaint must allege "(1) a valid contract between the parties; (2) an obligation or duty arising out of the contract; (3) a breach of that duty; and (4) damages caused by breach." *Tsintolas Realty Co. v.*

3

*Mendez*, 984 A.2d 181, 187 (D.C. 2009). As to Lezell, the complaint alleges that he signed the Escrow Agreement, that the funds FCHS deposited into the escrow account were to be returned to FCHS if Geneva failed to obtain funding for the construction loan by October 31, 2010, that Geneva failed to obtain funding, either before or after the deadline, and that Lezell has not returned the escrowed funds to FCHS. (Compl. ¶¶ 28-30.)

Lezell first argues that the breach of contract claim against him is "insufficiently pled" under *Iqbal* and *Twombly* because it is not clear whether he is being sued for breach of the Financing Agreement, the Escrow Agreement, or both. (MTD at 4-5.) This argument borders on specious. As FCHS points out (Opp. at 4), the complaint alleges only one contract between FCHS and Lezell – the Escrow Agreement – and one breach of that contract – Lezell's failure to return the escrowed funds after Geneva and Ghosh failed to obtain funding for the construction loan. Thus, the Court agrees with FCHS that it is perfectly clear from the complaint that the breach of contract claim against Lezell is based on the Escrow Agreement.

Lezell next argues that FCHS's failure to attach either the Financing Agreement or the Escrow Agreement to the complaint, or to quote or reference specific provisions from either, "renders the allegations vague, amorphous and insufficient under *Iqbal*." (MTD at 5.) Not only does Lezell fail to cite any legal authority for this proposition, but worse, he fails to acknowledge that there is contradictory authority from this jurisdiction. See, e.g., *Smith v. Washington Post Co.*, 962 F. Supp. 2d 79, 87 (D.D.C. 2013) ("there is no requirement that a plaintiff attach a copy of the underlying contract to his complaint"); *see also* 2 James Wm. Moore et al., Moore's Federal Practice, ¶ 10.05[4] (3d. ed. 1999) ("Contract claim will not be dismissed for failure to attach the contract to the complaint."). Indeed, as the Court in *Smith* recognized, "Federal Rule of Civil Procedure 10(c), which allows a party to attach a 'written instrument' to a pleading, 'is

4

permissive only, and there is no requirement that the pleader attach a copy of the writing on which his claim for relief or defense is based.'" *Smith*, 962 F. Supp. 2d at 87 (quoting 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1327 (3d ed. 2005)). Rather, what matters is that the allegations in the complaint "adequately identif[y] the contracts and terms at issue and state[] a plausible claim for relief for breach of contract." *Smith*, 962 F. Supp. at 87. FCHS's complaint satisfies this standard. Accordingly, the Court rejects Lezell's contention that FCHS's failure to attach a copy of either contract to the complaint is fatal to his breach of contract claim.

As neither of Lezell's arguments for dismissing the breach of contract claim has merit, that claim will not be dismissed.

## III. TORT CLAIMS

In addition to a claim for breach of contract, the complaint alleges that Lezell is liable for four common-law torts: breach of fiduciary duty, negligence, fraud/intentional misrepresentation, and civil conspiracy. Broadly speaking, Lezell argues that all of the tort claims should be dismissed because "plaintiff has attempted to turn what is, at most, a contract claim, into a multi-count tort claim." (Mot. at 11.) As explained herein, FCHS may proceed with his claim for breach of fiduciary duty, civil conspiracy, and fraud/intentional misrepresentation, but the claim for negligence will be dismissed.

### A. Breach of Fiduciary Duty

To state a claim for breach of fiduciary duty in the District of Columbia, a complaint "must allege facts sufficient to show (1) the existence of a fiduciary relationship; (2) a breach of the duties associated with the fiduciary relationship; and (3) injuries that were proximately caused by the breach of fiduciary duties." *Armenian Genocide & Mem'l, Inc. v. Cafesjian*

*Family Foundation, Inc*., 607 F. Supp. 2d 190-91 (D.D.C. 2009). As to Lezell, the complaint alleges that he had a fiduciary relationship with FCHS based on the Escrow Agreement and his "acceptance of funds into escrow," that he breached his fiduciary duties to FCHS "by distributing escrow funds to [Lezell, Ghosh and Geneva] and not acting to further the interests of [FCHS]," as a result of which FCHS "lost the value and use of those escrowed funds." (¶¶ 37-39.) Lezell argues that these allegations are insufficient to state a claim for breach of fiduciary duty because FCHS has pled only "an arms-length contractual relationship between it and Lezell," not "a fiduciary relationship." (Mot. at 8.)

While Lezell is correct that "[t]he mere existence of a contract does not create a fiduciary duty" in the District of Columbia , as FCHS points out (Opp. at 6), the "escrow/depositor relationship, regardless of contractual underpinnings" creates an "independent fiduciary relationship between the parties." *See Wagman v. Lee*, 457 A.2d 401, 404 (D.C. 1983) ("certainly there can be no question as to the existence of the fiduciary capacity in a case where the agent has been entrusted with money to be used for a specific purpose" (internal quotations omitted)). The complaint alleges that Lezell is the escrow agent and that FCHS is the escrow depositor. Under *Wagman*, which Lezell makes no attempt to distinguish (*see* Reply at 3), that is enough to create a fiduciary relationship irrespective of any contractual relationship. Accordingly, FCHS's claim for breach of fiduciary duty against Lezell will not be dismissed.

    **B.**    **Negligence**

To state a claim for negligence in the District of Columbia, a plaintiff must allege "(1) a duty, owed by the defendant to the plaintiff, to conform to a certain standard of care; (2) a breach of this duty by the defendant; and (3) an injury to the plaintiff proximately caused by the defendant's breach." *Dist. of Columbia v. Fowler*, 497 A.2d 456, 462 n.13 (D.C. 1985). As to

Lezell, the complaint alleges that "Lezell, as a licensed professional, owed a duty to [FCHS] to handle and safeguard escrowed funds of [FCHS] in a professional and reasonable manner" and that he breached this duty by "allowing the escrow funds to the utilized for purposes other than intended by [FCHS]" and the "outward intent indicated by Ghosh, Geneva and Lezell." (¶¶ 42-43.) Lezell argues that these allegations fail to state a claim for negligence because Lezell owed no general duty of care to FCHS outside of their contractual relationship.

Although Lezell fails to cite the relevant legal authority (*see* Mot. at 9), his conclusion is correct. As a general rule, a "tort must exist in its own right independent of the contract, and any duty upon which the tort is based must flow from considerations other than the contractual relationship. The tort must stand as a tort even if the contractual relationship did not exist." *Choharis v. State Farm Fire and Cas. Co.*, 961 A.2d 1080, 1089 (D.C. 2008). Applying *Choharis*, courts in this jurisdiction have concluded that "[a] negligence claim based solely on a breach of the duty to fulfill one's obligations under a contract . . . is duplicative and unsustainable." *Himmelstein v. Comcast of the Dist., L.L.C.*, 908 F. Supp. 2d 49, 55 (D.D.C. 2012); *see also McDevitt v. Wells Fargo Bank, N.A.*, 946 F. Supp. 2d 160, 171 (D.D.C. 2013) (allegation that bank failed to apply mortgage payment in manner directed by plaintiff "merely restates his breach of contract claim, and does not give rise to a separate claim for negligence"); *Carter v. Bank of Am., N.A.*, 888 F. Supp. 2d 1, 15 (D.D.C. 2012) (dismissing negligence claim where "plaintiff has alleged no facts that could sustain a claim of negligence or gross negligence independently against any of the defendants if her contractual relationship with them did not exist"); *Hedgepeth v. Whitman Walker Clinic*, 22 A.3d 789, 811 (D.C. 2011) ("Plaintiff must thus allege an independent duty to support his negligence claim."). FCHS claims that Lezell breached a duty as a "licensed professional" to handle and safeguard the escrowed funds in a

7

professional manner.  But, even assuming *arguendo* that any such duty exists (separate and apart from an escrow agent's fiduciary duty), it would not be "a duty independent of that arising out of the contract itself," *Choharis*, 961 A.2d at 1089, and, therefore, it would not give rise to a separate claim for negligence.  Accordingly, FCHS's negligence claim against Lezell will be dismissed.

        **C.     Fraud/Intentional Misrepresentation**

To state a claim for fraud or intentional misrepresentation, a plaintiff must allege "(1) a false representation (2) in reference to a material fact, (3) made with knowledge of its falsity, (4) with intent to deceive, and (5) action [] taken in reliance upon the representation." *Atraqchi v. GUMC Unified Billing Servs.,* 788 A.2d 559, 563 (D.C. 2002).  In addition, "[b]ecause fraud claims are subject to a heightened pleading standard under Rule 9(b) of the Federal Rules of Civil Procedure, a plaintiff 'must state the time, place and content of the false misrepresentations, the fact misrepresented and what was obtained or given up as a consequence of the fraud.'" *Rodriguez v. Lab. Corp. of AmericaHoldings*, No. 13-cv-675, 2014 WL 438889, at *4-*5 (D.D.C. Feb. 4, 2014) (quoting *United States ex rel. Joseph v. Cannon,* 642 F.2d 1373, 1385 (D.C. Cir. 1981)); *see also Busby v. Capital One*, N.A., 932 F. Supp. 2d 114, 136-37 (D.D.C. 2013).  As to Lezell, the complaint alleges that he "falsely represented . . . his ability to act as escrow agent, his background in the community, his connections in the community, and his intentions with regard to the escrow funds" and that those false representations were material facts that led FCHS to enter into both the Financing and Escrow Agreements.  (¶¶ 46-48.)  Lezell contends these allegations are deficient under *Iqbal/Twombly* and Rule 9(b) because "there are no date/time/place/means of communications/form of communications pled."  (Mot. at 11.) FCHS does not dispute Lezell's characterization of the allegations, but takes the position that

8

they provide enough detail to put Lezell on notice of the claims against him: that Lezell made false statements "related to the relative security of the escrow deposit" and "to buttress his relative trustworthiness" "prior to and during the escrow agreement negotiations." (Opp. at 8-9.)

The Court agrees with FCHS that the allegations supporting the fraud/intentional misrepresentation claim are not too general and conclusory to satisfy Rule 9(b)'s heightened pleading standard. Accordingly, FCHS's fraud/intentional misrepresentation claim will not be dismissed.

### D. Civil Conspiracy Claim

To state a claim for civil conspiracy, a plaintiff must allege "(1) an agreement between two or more persons; (2) to participate in an unlawful act; and (3) an injury caused by an unlawful overt act performed by one of the parties to the agreement pursuant to, and in furtherance of, the common scheme." *Saucier v. Countrywide Home Loans*, 64 A.3d 428, 445-46 (2013). "[T]here is no independent action in the District of Columbia for civil conspiracy; rather, it is a means for establishing vicarious liability for an underlying tort." *Exec. Sandwich Shoppe, Inc. v. Carr Realty Corp.*, 749 A.2d 724, 738 (D.C. 2000). The complaint alleges that Lezell, Geneva and Ghosh "formed an agreement between and among themselves to withhold the escrowed funds and provide false and misleading information regarding their ability to obtain construction financing for [FCHS's] project" (¶ 32), "agreed, in violation of any agreements of the parties, to use escrowed funds for impermissible purposes and to withdraw those funds prior to those funds being earned" (¶ 33), "misl[ed] [FCHS] as to their ability to obtain financing" and "their relative qualifications/background" (¶ 34), "took possession of escrow funds in advance of those funds being earned" (¶ 34), and "materially withheld information related to the location and status of those funds" (¶ 34), acting "[a]t all time . . . in furtherance of the common scheme

9

or plan to defraud [FCHS] of the escrow funds." (¶ 35.) Lezell asserts that the civil conspiracy claim is insufficiently pled because "plaintiff alleges Civil Conspiracy in four brief sentences . . . which constitute only the bare-bones pleading that the Supreme Court instructs is insufficient." (Mot. at 5 (citing Compl. ¶¶ 32-35).)

The first problem with Lezell's argument is that simply labelling the civil conspiracy allegations as "bare bones" is not an argument. Nor does the Court agree with Lezell that the first thirty paragraphs of the complaint, which the civil conspiracy claim incorporates by reference (*see* Compl. ¶ 31), may be ignored on the ground that, as described by Lezell, they "are dedicated to alleging and describing a *contract action and facts* not a *tort action and facts*. (Mot. at 6.) Furthermore, even though there are limitations on a plaintiff's ability to bring a tort action alongside a breach of contract claim, *see Choharis*, the prohibition is not absolute and Lezell has made no attempt explain why FCHS's civil conspiracy claim would be precluded. Accordingly, Lezell has failed to establish that FCHS's civil conspiracy claim should be dismissed.

## CONCLUSION

For the reasons set forth above, the Court concludes that FCHS's claims for negligence should be dismissed but that its claims for breach of contract, breach of fiduciary duty, fraud/intentional misrepresentation, and civil conspiracy may proceed.[4] Accordingly, it is hereby

---

[4] In its opposition, plaintiff states that "[i]f the Court believes the Complaint is defective in any manner that allows for amendment, [plaintiff] herein requests leave to amend the Complaint to address any deficiencies noted by the Court." (Opp. at 9.) The Court notes that a motion for leave to file an amended complaint must comply with Federal Rule of Civil Procedure 15(a)(2) and Local Civil Rule 15 (motion for leave to file an amended complaint "shall be accompanied by an original of the proposed pleading as amended"). A sentence in the opposition to a motion to dismiss does not satisfy these requirements. *City of Harper Woods Employees' Ret. Sys. v. Olver*, 589 F.3d 1292, 1304 (D.C. Cir. 2009) ("'[A] bare request in an opposition to a motion to dismiss—without any indication of the particular grounds on which amendment is sought—does not constitute' a motion to amend." (quoting *United States ex rel. Williams v. Martin–Baker*

**ORDERED** that defendant Lezell's motion to dismiss is **GRANTED IN PART AND DENIED IN PART**; and it is further

**ORDERED** that an initial scheduling conference is set for **May 13, 2014, at 9:30 a.m**.

/s/
ELLEN SEGAL HUVELLE
United States District Judge

Date: April 24, 2014

---

*Aircraft Co., Ltd.*, 389 F.3d 1251, 1259 (D.C. Cir.2004))).