UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **FRIENDS CHRISTIAN HIGH SCHOOL,** | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 13-1436 (ESH) |
| **GENEVA FINANCIAL CONSULTANTS,** *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM OPINION

Plaintiff Friends Christian High School filed the above-captioned diversity action against defendants Geneva Financial Consultants, LLC ("Geneva"), Isam Ghosh, and Mark Lezell, alleging various state law torts and seeking compensatory and punitive damages. (Compl., Sept. 20, 2013 [ECF No. 1].) Geneva failed to answer or otherwise respond to the complaint, and the Clerk has declared it to be in default. (Clerk's Entry of Default, May 2, 2014 [ECF No. 26].) Friends Christian now seeks entry of a default judgment against Geneva.[1] (Mot. for Default Judgment Against Defendant Geneva Financial Consultants, LLC, Apr. 27, 2015 [ECF No. 41].) For the reasons stated herein, the motion will be granted in part and denied in part, and a default judgment will be entered against Geneva and in favor of Friends Christian in the amount of $250,000.00.

### BACKGROUND

---

[1] Plaintiff has settled its claims against Lezell and those claims have been dismissed, while its claims against Ghosh have been stayed pending resolution of bankruptcy proceedings in the Eastern District of Virginia. (Minute Order, Jan. 28, 2015.)

Plaintiff is a California religious corporation that "engages in the business of religious instruction through various mediums, including educational institutions like a high school." (Compl. ¶ 3.) On September 14, 2010, Friends Christian entered into a financing commitment agreement ("Financing Agreement") with Geneva and Ghosh, who advertised himself as Geneva's managing member. (Compl. ¶¶ 5, 9.) Pursuant to the Financing Agreement, Geneva and Ghosh were to secure $30 million in construction loan funding for Friends Christian in exchange for $3 million in fees reduced by an initial escrow deposit of $250,000. (Compl. ¶¶ 9, 10.) Exhibit A to the Financing Agreement was an Escrow Agreement between Friends Christian and Lezell, an attorney in the District of Columbia. (Compl. ¶ 13.) If financing could not be obtained by October 31, 2010, the $250,000 in escrow was to be returned to Friends Christian. (Compl. ¶ 14.)

Friends Christian wired $250,000 into Lezell's escrow account on September 16, 2010. (Compl. ¶ 16.) No financing was ever obtained and the escrow funds were never returned to Friends Christian. (Compl. ¶ 15.) On January 26, 2011, Friends Christian tried to contact Ghosh to check on the current state of funding for the project. (Compl. ¶ 18.) On February 1, 2011, Friends Christian made its initial request for return of the escrow funds. (Compl. ¶ 19.) On September 8, 2011, Friends Christian asked Lezell for return of the escrow funds. (Compl. ¶ 20.) On or about March 21, 2012, Ghosh acknowledged liability for the escrow funds and that the escrow funds were to be returned to Friends Christian. (Compl. ¶ 21.) On August 3, 2012, Friends Christian sent Lezell and Ghosh its final request for payment and received no response. (Compl. ¶ 22.)

On September 20, 2013, Friends Christian filed suit against Geneva, Ghosh and Lezell, alleging breach of contract, civil conspiracy, breach of fiduciary duty, negligence, and

fraud/intentional misrepresentation and seeking return of the $250,000 it had put into the escrow account plus punitive damages. (Compl. ¶¶ 23-49.) Friends Christian served Geneva with a summons and a copy of the complaint on February 18, 2014. (Return of Service/Affidavit, Feb. 21, 2014 [ECF No. 15].) After Geneva failed to timely file an answer or otherwise respond to the complaint, plaintiff filed its affidavit for entry of default as to Geneva pursuant to Federal Rule of Civil Procedure 55(a).[2] (Aff. for Entry of Default, May 1, 2015 [ECF No. 24]). Default was entered and, pursuant to Federal Rule of Civil Procedure 55(b)(2),[3] Friends Christian now moves for entry of a default judgment. As of the date of this Memorandum Opinion, Geneva has not entered an appearance nor filed any pleadings or other papers.

## DISCUSSION

Waiving any claim for punitive damages against Geneva, Friends Christian seeks a default judgment in the amount of $250,000, the amount it put into the escrow account, plus costs. (*See* Mot. for Default Judgment & Ex. 1, ¶ 5 (Affidavit of Terry L. Goddard, Jr., Apr. 24, 2015) [ECF No. 41-1].)

The "entry of a default judgment is not automatic." *Mwani v. bin Laden*, 417 F.3d 1, 6 (D.C. Cir. 2005). First, the procedural posture of a default does not relieve a federal court of its "affirmative obligation" to determine whether it has subject-matter jurisdiction over the action. *James Madison Ltd. v. Ludwig*, 82 F.3d 1085, 1092 (D.C. Cir. 1996). Here, the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1), and venue is proper under 28

---

[2] Rule 55(a) states: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerks must enter the party's default." Fed. R. Civ. P. 55(a).

[3] Rule 55(b)(2) allows a party to "apply to the court for a default judgment" against a party in default.

U.S.C. § 1391(b)(2) ("A civil action may be brought in . . . a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . .")

Moreover, the determination of whether default judgment is appropriate is committed to the discretion of the trial court. *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980). Courts strongly favor resolution of disputes on their merits. *Id*. However, default judgment is available "when the adversary process has been halted because of an essentially unresponsive party. . . . The diligent party must be protected lest he be faced with interminable delay and continued uncertainty as to his rights." *Jackson v. Beech*, 636 F.2d 831, 835-36 (D.C. Cir. 1980) (internal quotations omitted). Where, as here, there is a complete "absence of any request to set aside the default or suggestion by the defendant that it has a meritorious defense, it is clear that the standard for default judgment has been satisfied." *Int'l Painters and Allied Trades Indus. Pension Fund v. Auxier Drywall, LLC*, 531 F. Supp. 2d 56, 57 (D.D.C. 2008) (internal quotations omitted).

Finally, while the entry of default establishes defendant's liability for the well-pleaded allegations of the complaint, *Adkins v. Teseo*, 180 F. Supp. 2d 15, 17 (D.D.C. 2001), it "does not . . . establish liability for the amount of damages claimed." *Boland v. Elite Terrazzo Flooring, Inc.*, 763 F. Supp. 2d 64, 67 (D.D.C. 2011). If necessary, a court may hold a hearing to "(A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Fed. R. Civ. P. 55(b)(2). Here, though, no hearing is necessary as there are sufficient "detailed affidavits [and] documentary evidence" to allow the Court to independently assess "the appropriate sum for the default judgment." *Flynn v. Mastro Masonry Contractors*, 237 F. Supp. 2d 66, 69 (D.D.C. 2006) (citing *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979)). Specifically, in support of

its motion for default judgment, Friends Christian has filed an affidavit from its attorney, Terry L. Goddard, Jr., and signed copies of the Financing and Escrow Agreements, substantiating its claim for compensatory damages in the amount of $250,000.00.

## CONCLUSION

Accordingly, and for the reasons set forth above, the Court will grant Friends Christian's motion for default judgment as to liability and enter judgment in favor of Friends Christian and against Geneva in the amount of $250,000.00. Friends Christian's request to include costs in the default judgment, however, will be denied without prejudice as it has not submitted any evidence to establish the amount of those costs. *See, e.g.*, *Serv. Employees Int'l Union Nat. Indus. Pension Fund v. Artharee*, 942 F. Supp. 2d 27, 31 (D.D.C. 2013). A separate Order of Judgment accompanies this Memorandum Opinion.

/s/ *Ellen Segal Huvelle*
ELLEN SEGAL HUVELLE
United States District Judge

Date: May 28, 2015