# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
                                      )

**FRIENDS CHRISTIAN HIGH SCHOOL,**   )

        )

    **Plaintiff,**                 )

        )

    **v.**                      )        **Civil Action No. 13-1436 (ESH)**

        )

**GENEVA FINANCIAL CONSULTANTS, *et al.*,** )

        )

    **Defendants.**           )

_____ )

## MEMORANDUM OPINION

Plaintiff Friends Christian High School ("Friends Christian") filed the above-captioned diversity action against defendants Geneva Financial Consultants, LLC ("Geneva"), Isam Ghosh, and Mark Lezell, alleging various state law torts and seeking compensatory and punitive damages. (Compl., Sept. 20, 2013, ECF No. 1.) Before the Court is Friends Christian's motion for entry of a default judgment against defendant Ghosh. (Mot. for Default Judgment, Apr. 24, 2017, ECF No. 46.) For the reasons stated herein, the motion will be granted and a default judgment entered against Ghosh and in favor of plaintiff in the amount of $252,249.14.

## BACKGROUND

Friends Christian is a California religious corporation that "engages in the business of religious instruction through various mediums, including educational institutions like a high school." (Compl. ¶ 3.) On September 14, 2010, Friends Christian entered into a financing commitment agreement ("Loan Commitment Letter") with Geneva and Ghosh, who advertised himself as Geneva's managing member. (Compl. ¶¶ 5, 9.) Pursuant to the Loan Commitment Letter, Geneva and Ghosh were to secure $30 million in construction loan funding for Friends

Christian in exchange for $3 million in fees reduced by an initial escrow deposit of $250,000. (Compl. ¶¶ 9, 10.) Exhibit A to the Loan Commitment Letter was an Escrow Agreement between Friends Christian and Lezell, an attorney in the District of Columbia. (Compl. ¶ 13.) If financing could not be obtained by October 31, 2010, the $250,000 in escrow was to be returned to Friends Christian. (Compl. ¶ 14.)

Friends Christian wired $250,000 into Lezell's escrow account on September 16, 2010. (Compl. ¶ 16.) No financing was ever obtained and the escrow funds were never returned to Friends Christian. (Compl. ¶ 15.) On January 26, 2011, Friends Christian tried to contact Ghosh to check on the current state of funding for the project. (Compl. ¶ 18.) On February 1, 2011, Friends Christian made its initial request for return of the escrow funds. (Compl. ¶ 19.) On September 8, 2011, Friends Christian asked Lezell for return of the escrow funds. (Compl. ¶ 20.) On or about March 21, 2012, Ghosh acknowledged liability for the escrow funds and that the escrow funds were to be returned to Friends Christian. (Compl. ¶ 21.) On August 3, 2012, Friends Christian sent Lezell and Ghosh its final demand for payment and received no response. (Compl. ¶ 22.)

On September 20, 2013, Friends Christian filed suit against Geneva, Ghosh and Lezell, alleging breach of contract, civil conspiracy, breach of fiduciary duty, negligence, and fraud/intentional misrepresentation and seeking return of the $250,000 it had put into the escrow account plus punitive damages. (Compl. ¶¶ 23-49.) Friends Christian served Ghosh with a summons and a copy of the complaint on February 18, 2014. (Return of Service/Affidavit, Mar. 4, 2014, ECF No. 16.) After Ghosh failed to timely file an answer or otherwise respond to the complaint, plaintiff filed its affidavit for entry of default as to Ghosh pursuant to Federal Rule of

Civil Procedure 55(a).[1]  (Aff. for Entry of Default, May 1, 2014, ECF No. 25.)  On May 19, 2014, the Clerk of Court entered a default against Ghosh (*see* Clerk's Entry of Default, May 19, 2014, ECF No. 30), but proceedings against him were then stayed due to Ghosh's bankruptcy proceeding in the Eastern District of Virginia.  (*See* Suggestion of Bankruptcy, Oct. 29, 2014, ECF No. 38; Minute Order, Jan. 28, 2015 (staying case against Ghosh).)  Friends Christian has now settled its claims against Lezell (*see* Minute Order, Jan. 28, 2015), and secured a default judgment against Geneva in the amount of $250,000.  (*See* Order and Default Judgment, May 28, 2015, ECF No. 43.)

On March 21, 2017, Friends Christian notified the Court that the bankruptcy stay against Ghosh had been terminated and that it wished to pursue its claims against him.  (Notice of Termination of Bankruptcy Stay, ECF No. 44.)  The Court lifted the stay, allowing Friends Christian's claims to proceed, but it also gave Ghosh until April 10, 2017, to move to vacate the 2014 default.  (*See* Order, Mar. 22, 2017, ECF No. 45.)  That Order was served on Ghosh and on Ghosh's bankruptcy counsel.  Ghosh did not move to vacate the default.  On April 24, 2017, pursuant to Federal Rule of Civil Procedure 55(b)(2),[2] Friends Christian filed the pending motion for default judgment.  As of the date of this Memorandum Opinion, Ghosh has not entered an appearance nor filed any responsive pleadings.

## DISCUSSION

Waiving any claim for punitive damages, Friends Christian seeks a default judgment against Ghosh in the amount of $250,000, the amount it put into the escrow account, plus costs

---

[1] Rule 55(a) states: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerks must enter the party's default."  Fed. R. Civ. P. 55(a).

[2] Rule 55(b)(2) allows a party to "apply to the court for a default judgment" against a party in default.

totaling $2,249.14. (*See* Mot. for Default Judgment at 1 & Ex. 1, ¶ 13 (Affidavit of Terry L. Goddard, Jr., Apr. 24, 2017) ("Goddard Aff.").)

The "entry of a default judgment is not automatic." *Mwani v. bin Laden*, 417 F.3d 1, 6 (D.C. Cir. 2005). First, the procedural posture of a default does not relieve a federal court of its "affirmative obligation" to determine whether it has subject-matter jurisdiction over the action. *James Madison Ltd. v. Ludwig*, 82 F.3d 1085, 1092 (D.C. Cir. 1996). Here, the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1), and venue is proper under 28 U.S.C. § 1391(b)(2) ("A civil action may be brought in . . . a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . .")

Moreover, the determination of whether default judgment is appropriate is committed to the discretion of the trial court. *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980). Courts strongly favor resolution of disputes on their merits. *Id*. However, default judgment is available "when the adversary process has been halted because of an essentially unresponsive party. . . . The diligent party must be protected lest he be faced with interminable delay and continued uncertainty as to his rights." *Jackson v. Beech*, 636 F.2d 831, 835-36 (D.C. Cir. 1980) (internal quotations omitted). Where, as here, there is a complete "absence of any request to set aside the default or suggestion by the defendant that it has a meritorious defense, it is clear that the standard for default judgment has been satisfied." *Int'l Painters and Allied Trades Indus. Pension Fund v. Auxier Drywall, LLC*, 531 F. Supp. 2d 56, 57 (D.D.C. 2008) (internal quotations omitted).

Finally, while the entry of default establishes defendant's liability for the well-pleaded allegations of the complaint, *Adkins v. Teseo*, 180 F. Supp. 2d 15, 17 (D.D.C. 2001), it "does not . . . establish liability for the amount of damages claimed." *Boland v. Elite Terrazzo Flooring,*

*Inc.*, 763 F. Supp. 2d 64, 67 (D.D.C. 2011). If necessary, a court may hold a hearing to "(A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Fed. R. Civ. P. 55(b)(2). Here, though, no hearing is necessary as there are sufficient "detailed affidavits [and] documentary evidence" to allow the Court to independently assess "the appropriate sum for the default judgment." *Flynn v. Mastro Masonry Contractors*, 237 F. Supp. 2d 66, 69 (D.D.C. 2006) (citing *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979)). Specifically, Friends Christian has filed an affidavit executed by its attorney, Terry L. Goddard, Jr., which has attached signed copies of the Loan Commitment Letter and Escrow Agreements and a cost summary sheet with copies of available receipts. (*See* Goddard Aff. ¶ 15 & Exs. 1-3.) The Court has reviewed these documents and finds that they substantiate its claim for compensatory damages in the amount of $250,000.00 and for costs totaling $2,249.14.

## CONCLUSION

Accordingly, and for the reasons set forth above, the Court will grant Friends Christian's motion for default judgment and enter judgment in favor of Friends Christian and against Ghosh in the amount of $250,000.00 plus $2,249.14 in costs. A separate Order of Judgment accompanies this Memorandum Opinion.


/s/   *Ellen Segal Huvelle*
ELLEN SEGAL HUVELLE
United States District Judge

Date: May 18, 2017